■ Dorothy A. Basile, Appellant, v Town of Southampton, Respondent. [636 NYS2d 97] —In a condemnation proceeding, the claimant appeals, on the ground of inadequacy, from an order and judgment (one paper) of the Supreme Court, Suffolk County (Werner, J.), dated May 5, 1994, which, upon adopting the valuation of the respondent's expert, awarded her only $117,500, the value of the property as restricted by wetlands regulations, and failed to award her an increment for the reasonable probability of a successful challenge to the wetlands regulations as confiscatory.

Ordered that the order and judgment is affirmed, with costs.

In April 1980 the claimant's husband paid $88,500 for 11.5 acres of property located in Remsenburg, in the Town of Southampton. At the time of his purchase, he was aware of a declaration dated January 8, 1976, which was made by his predecessor in interest who sought subdivision approval of the

property. Pursuant to the declaration, the Planning Board of the Town of Southampton (hereinafter the Planning Board) permitted the subdivision of the property into four parcels and it approved Parcel Nos. 1, 2, and 3 as building lots. As to Parcel No. 4, however, the declaration provided that the Planning Board "is not willing at this time to approve Parcel No. 4 * * * as a building lot because it may consist of wetlands and may not be suitable for erection of a dwelling thereon". The declaration also stated "[T]hat no building or structure shall be erected on Parcel No. 4 * * * unless and until said Parcel No. 4 is approved as a building lot by the Planning Board of the Town of Southampton".

On September 14, 1977, after the date of the declaration but prior to the property's purchase by the claimant's husband, the New York State Department of Environmental Conservation (hereinafter the DEC) adopted a Tidal Wetlands Inventory Map which encompassed the property. After the claimant's husband purchased the property in 1980, the DEC remapped wetlands in the area pursuant to a decision and order of the commissioner of the DEC issued February 6, 1986. Thereafter, the property was transferred for no consideration among family members, until the claimant acquired it in 1989, also for no consideration. The respondent Town of Southampton (hereinafter the Town) acquired title through condemnation by vesting order recorded March 8, 1990.

The claimant's predecessors in interest and the claimant knew, at the time of the purchase/acquisition in 1980 and 1989, that the property was encumbered by wetland restrictions and might not be buildable. Thus, while the claimant conceded and the Town proved that the claimant would be denied a permit to build on the property due to the wetland restrictions, the Town demonstrated that in light of the declaration and the wetlands mapping, the claimant did not have any reasonable investment-backed expectation of building on the property, the potential of building on the property was not part of her title to begin with, and there was no categorical regulatory taking (*see, Lucas v South Carolina Coastal Council*, 505 US 1003; *Gazza v New York State Dept. of Envtl. Conservation*, 217 AD2d 202). Accordingly, the Supreme Court properly awarded the claimant the value of the property as restricted by the wetlands regulations (*see, e.g., Lucas v South Carolina Coastal Council, supra; Berwick v State of New York*, 107 AD2d 79, 93; *Chase Manhattan Bank v State of New York*, 103 AD2d 211, 219). Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.